By the Court,
Campbell, J.
This was an appeal from an order made at special term, upon complaint, answer and affidavits, granting an injunction and directing the appointment of a receiver. The action is brought to recover from the defendant certain alleged partnership property, or its proceeds. On the part of the defendant the partnership is denied absolutely, and the- defendant sets up what he says was the only agreement ever entered into between the parties, by which agreement, which is in writing, it appears that the plaintiff was employed by the defendant as a workman and superintendent of his manufacturing establishment at a stipulated salary. To this the plaintiff replies, that such instrument was prepared to show to his creditors, he being in embarrassed circumstances; and that the verbal agreement was, that he was to be an equal copartner in the business, and equal owner of the property in question. Upon the main question, whether or not there was a copartnership, the plaintiff and defendant are directly at issue, •the one positively affirming, and the other as positively denying such copartnership. Both are supported by numerous affidavits showing conversations and acts tending to establish or rej'ect the *717 idea of such copartnership, and certainly leaving that question in our minds greatly in doubt.
But even if, under the circumstances alleged by the plaintiff in order to get rid of the written agreement, he can call upon the defendant to account as a copartner, that is, if he shall finally establish the fact that such agreement was made and acted on, (see Nellis v. Clark, 4 Hill, 424,) the serious question still remains, whether a court will interfere and order the appointment of a receiver, while the fact, whether there was or was not a copartnership, remains in dispute and undetermined, and especially where there there is no allegation as to the insolvency of the defendant, or of his inability to respond in case of an eventual recovery against him. Thus in Peacock v. Peacock, 16 Vesey, 49, the defendant denied any agreement to admit the plaintiff into partnership. An issue was directed, and the verdict established a partnership, and then a receiver of the estate was appointed. When the partnership is admitted, and one partner ejects another, or assumes the exclusive control of the property, and they cannot mutually agree as to their respective rights, a court of equity will interfere and appoint an indifferent person as receiver, to wind up the partnership, and pay the debts, and distribute the balance among the partners. But to authorize the appointment of a receiver, there must be a partnership admitted or established, otherwise the sole property of the defendant may be taken from him, and his business broken up, and in the end it may appear that there was no right on the part of the plaintiff, even to an account.
In this case the order must be reversed so far as it directs the appointment of a receiver, and must be modified so far as it allows an injunction, so that it will only enjoin the defendant against the use of the plaintiff’s name, or trade mark, or labels, upon any instruments manufactured after August, 1851. . No costs are allowed to either party.